

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00255-CV

IN RE VALLIANCE BANK                                                    RELATOR

----------

ORIGINAL PROCEEDING

----------

## ORDER AND OPINION ON MOTION FOR EN BANC RECONSIDERATION

----------

In their motion for en banc reconsideration of our original en banc opinion, Real Parties in Interest first take issue with our holding that their motion to reinstate was not sufficiently verified by the unsworn statement titled "Verification" because it was signed by an individual not identified as a party or as counsel for Real Parties. Real Parties' motion for reconsideration explains that Dan Trammell, who signed the verification, is an attorney, is a friend of their

counsel of record, has been "of counsel" to their counsel of record's law firm for many years, and often co-counsels with him. Real Parties argue that the trial judge was well aware of who Mr. Trammell is and needed no recitation of these matters for verification. Real Parties argue that, as an officer of the court, Mr. Trammell has "an affirmative responsibility to tell the truth" and that our holding that the verification was a nullity because it was not made with all of the formalities and solemnities of Mr. Trammell's raising his hand and swearing to tell the truth exalts form over substance, a practice roundly condemned by the Texas Supreme Court.

As an appellate court, we may take judicial notice of a proper fact even when the trial court was not requested to take judicial notice of the fact and the court made no announcement that it had taken such notice. *Zarychta v. State*, 44 S.W.3d 155, 164 (Tex. App.—Houston [14th Dist.] 2001, pet ref'd), *cert. denied*, 535 U.S. 1105 (2002) (citing *McDaniel v. Hale*, 893 S.W.2d 652, 673 (Tex. App.—Amarillo 1994, writ denied)). We might even take judicial notice that Mr. Trammell obtained his law degree from the University of Texas Law School and was licensed as an attorney in 1972, with a career spanning forty years including service as a county judge and a county and district attorney, and that his license is in good standing with the State Bar of Texas. *See id.* Similarly, we might take judicial notice that Mr. Trammell's office address is listed by the State Bar of Texas as the same as that of Real Parties' counsel of record who is, himself, a 1969 graduate of the University of Texas Law School, licensed and in

2

good standing with the State Bar of Texas, with over forty years of experience as well as being peer-selected and listed since 2008 as a Texas "Super Lawyer."[1] *See Maddox v. State*, 591 S.W.2d 898, 900 (Tex. Crim. App. [Panel Op.] 1979), *cert. denied*, 447 U.S. 909 (1980).  However, even if we judicially notice all of the above-listed facts, and even if we further assume that Mr. Trammell was authorized to act on behalf of Real Parties in verifying the motion to reinstate, the verification still was not sworn.  Rule 165a requires a timely-filed, *sworn* verification "by the movant or his attorney" (or a timely-filed affidavit or other adequate substitute) as a jurisdictional prerequisite to extend the plenary power of the trial court beyond thirty days.  Tex. R. Civ. P. 165a(3).[2]

If the unsworn signature of a licensed lawyer in good standing with the State Bar and well known to the trial judge or in the professional community were a sufficient substitute for the "verification" of a motion to reinstate, then counsel of record's routine signature would, itself, suffice, and rule 165(a)'s requirement for verification would be rendered meaningless.  For us to hold that the signature of counsel for a party, which is required on all pleadings, sworn or unsworn, is

---

[1]Thomson Reuters, SUPER LAWYERS (2013), http://www.superlawyers.com/search?q=michael whitten texas&1=texas.

[2]We acknowledge that the supreme court in *Guest v. Dixon* held that the verification requirement in rule 165a(3) was satisfied by the timely-filed affidavit of the movant's *former* attorney in that case explaining inactivity in the case while he had represented the movant.  *See* 195 S.W.3d 687, 688–89 (Tex. 2006).  But the affidavit of the former attorney was timely filed together with the motion to reinstate in that case, as discussed below.  *See id.* at 688 & n.2.

sufficient to satisfy the requirement of verification under rule 165a(3) would be tantamount to rewriting the rules of procedure to eliminate that requirement, not only under that rule but under similar rules of civil procedure, notably rule 306a(5). That rule requires a "sworn motion" with proof that notice or knowledge of judgment was not received within twenty days after judgment was signed in order to invoke the trial court's jurisdiction to extend post-judgment deadlines. Tex. R. Civ. P. 306a(5); *see* Tex. R. App. P. 4.2(b) (providing procedure to extend appellate deadlines to perfect appeal governed by rule 306a(5)); *see also Mem'l Hosp. v. Gillis*, 741 S.W.2d 364, 365 (Tex. 1987) (holding compliance with provisions of 306a is a "jurisdictional prerequisite" to extend trial court's plenary power); *Carrera v. Marsh*, 847 S.W.2d 337, 341 (Tex. App.—El Paso 1993, orig. proceeding) (op. on reh'g) (noting that motions to reinstate under rule 165a and motions for new trial under rule 306a are "procedurally identical in that both require that the motions seeking relief be verified," and holding unverified motion for new trial filed under rule 306a failed to extend appellate timetable).[3] The

---

[3]Generally, an attorney's statements must be under oath to constitute evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). However, lack of an oath is waived by failure to object when the opponent knew or should have known an objection was required. *Id.*; *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied). We also note that the Texas Government Code defines "affidavit" as a statement in writing of facts "signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1) (West 2005). A jurat is not essential for an affidavit to meet the definition of "affidavit" in section 312.011(1) if there is some other indication in the record that the purported affidavit was sworn to by the affiant, but the supreme court has recently held that a complaint that an affidavit fails to

4

supreme court, and not this court, is vested with the rulemaking power in civil cases. *See* Tex. Gov't Code Ann. § 22.004(a) (West Supp. 2012).

In their motion for reconsideration, Real Parties also re-urge their reliance on *Guest.* They argue that *Guest* compels a different result in this case, not only because of the admonition by the supreme court to construe the rules liberally (of which we are mindful), but also because the supreme court held that the petitioner's motion to reinstate, supported only by an affidavit of her former attorney rather than her then-current counsel, was sufficient to extend the trial court's plenary power. Real Parties now point to a curious footnote in *Guest* that refers to the court of appeals's opinion and states that "[a]s the court of appeals'[s] opinion reflects, the motion [to reinstate] was filed 32 days after the judgment was signed. The record does not reflect whether the motion was timely. Neither Dixon nor the court of appeals asserts that the motion was not timely." *Id.* at 688 n.2 (citation omitted). Real Parties contend that the supreme

---

meet the requirements of section 312.011(1) must be preserved in the trial court or it is waived. *Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012). Possibly, the supreme court could similarly alleviate the harshness of the effect of an unverified motion to reinstate by holding that an objection and opportunity to cure are required to preserve error. However, neither *Russ* nor *Mansions in the Forest* involved a jurisdictional requirement for a document to be sworn, as required by rule 165a in this case, to extend plenary power of the trial court. Moreover, Relator's counsel did object in writing both to the lack of verification of the motion to reinstate and to the untimeliness of the affidavit in this case, and the trial court overruled those objections in its order granting reinstatement.

court in that footnote thereby "clearly indicated that strict adherence to the filing deadlines of Rule 165a(3) is not a jurisdictional death blow."

The court of appeals's opinion in *Guest* states that the trial court signed the judgment of dismissal for want of prosecution on January 25, 2003, and that the motion to reinstate, along with the attorney's affidavit, was filed on February 26, 2003. 153 S.W.3d 466, 467 (Tex. App.—Amarillo 2004), *rev'd*, 195 S.W.3d 687 (Tex. 2006). If these dates controlled, the motion to reinstate (and affidavit) would have been filed two days late, after the plenary power of the trial court had expired. We have looked to the briefs of the parties in that case for enlightenment. The petitioner's brief on the merits in the supreme court states that "the motion [to reinstate] was mailed on February [24, 2003,] and 'deemed filed' that day. The timeliness of the motion, as opposed to its effectiveness, is not at issue."[4] The response to the petition for review acknowledges that "Guest filed her Motion to Reinstate on February 24, 2003."[5] Accordingly, despite the date of filing as apparently shown in the record, the motion to reinstate and supporting affidavit to petitioner's motion to reinstate were timely filed in that

---

[4]Brief for Petitioner at 1 n.1, *Guest v. Dixon*, 195 S.W.3d 687 (Tex. 2006) (No. 04-0128) (citation omitted). The briefs in that case are not available online. Paper copies were obtained directly from the Clerk's Office of the Supreme Court of Texas.

[5]Response to Petitioners' Petition for Review at 9, *Guest v. Dixon*, 195 S.W.3d 687 (Tex. 2006) (No. 04-0128) (adopted as Respondent's Brief on the Merits).

case, within thirty days of the date the judgment was signed on January 25, 2003, under the "mailbox rule" as provided in rule 5.  *See* Tex. R. Civ. P. 5.

In light of the foregoing, and mindful of the supreme court's qualifying language merely "assuming" the continued viability of its prior decisions holding that timely verification and filing of a motion to reinstate are jurisdictional, we do not read *Guest* as implicitly relaxing the thirty-day deadline under rule 165a.  As an intermediate court, we have exhausted every option to avoid allowing literal compliance with rule 165a to control over substance, and we remain bound by the rule as written and the supreme court's decisions in *Butts* and *McConnell* to hold that, because the motion to reinstate, although timely filed, was not properly verified and because Real Parties' counsel's later affidavit was not timely filed, the trial court lost plenary power thirty days after the dismissal order was signed, and that the trial court's order purporting to grant reinstatement after that time is void.  *See McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986); *see also In re Dickason,* 987 S.W.2d 570, 570–71 (Tex. 1998) (orig. proceeding) (holding trial court order granting new trial signed after expiration of plenary power had expired is void); *Emerald Oaks Hotel/Conf. Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding) (holding that no written order of reinstatement having been signed during court's plenary period, the judgment of dismissal became

7

final); *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding) ("This court has repeatedly held that the time limits provided in rule 165a are mandatory and jurisdictional and that orders of reinstatement entered after their expiration are void.").

Accordingly, we deny Real Parties' motion for en banc reconsideration of our judgment and opinion of November 15, 2012.

ANNE GARDNER
JUSTICE

EN BANC

DELIVERED: March 21, 2013