

# NUMBER 13-12-00569-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MAE FIELDS AND
THOMAS BETTS, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF
THOMAS DETRIC ADDERSON,                                    Appellants,

v.

CORRECTIONS CORPORATION
OF AMERICA AND
WARDEN ORLANDO PEREZ,                                      Appellees.

---

On appeal from the 197th District Court
of Willacy County, Texas.

---

# MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion Per Curiam

Appellants Mae Fields and Thomas Betts, individually and on behalf of the estate of Thomas Detric Adderson (collectively "Adderson"), attempt to appeal the trial court's order dismissing this case for want of prosecution. We dismiss the appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Thomas Detric Adderson allegedly died of asthma complications while incarcerated. This case involves a state-law wrongful-death suit Adderson subsequently filed. After the lawsuit had been on file for just over nine months, the trial court issued an order setting the case for dismissal for want of prosecution. The trial court's order set forth that the case would be dismissed on June 14, 2012 at 11:00 a.m. if the case was not maintained on the trial court's active docket. The order reflects that the trial court sent a copy of the order to Adderson's trial counsel of record.

The clerk's record does not contain any motion to retain the case on the trial court's active docket. The reporter's record reflects that on June 14, 2012, Adderson's counsel did not appear in the trial court, and, in open court, the case was dismissed for want of prosecution. The trial court signed an order so dismissing the case on June 20, 2012.[1] On July 5, 2012, citing Texas Rule of Civil Procedure 165a, Adderson's trial counsel filed an unverified motion to reinstate the case on the trial court's docket. *See* TEX. R. CIV. P. 165a. In the motion to reinstate, Adderson's trial counsel attributed "any" failure to prosecute the case in the trial court to accident and mistake. The trial court denied

---

[1] The trial court's order dismissing this case for want of prosecution is file stamped June 19, 2012.

Adderson's motion to reinstate. On September 18, 2012, Adderson filed a notice of appeal attempting to appeal the trial court's dismissal of this case for want of prosecution.

## II. ANALYSIS

Appellate deadlines begin on the date that the trial court signs the judgment or other appealable order. *See* TEX. R. APP. P. 26.1(a)-(c); *Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995). Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion to reinstate under Texas Rule of Civil Procedure 165a or other specified post-judgment motion is timely filed. TEX. R. APP. P. 26.1(a)(3). If a motion to reinstate or other specified post-judgment motion is timely filed, the notice of appeal is due within ninety days after the judgment is signed. *See id.* R. 26 .1(a)(1)-(4).

Under Texas Rule of Civil Procedure 165a, a motion to reinstate a case dismissed for want of prosecution must be verified by the movant or his attorney. TEX. R. CIV. P. 165a; *see also In re Valliance Bank*, 422 S.W.3d 729, 731 (Tex. App.—Fort Worth 2013, orig. proceeding) (en banc). An unverified motion to reinstate does not extend appellate deadlines. *See* TEX. R. CIV. P. 165a; TEX. R. APP. P. 26.1(a)(3); *see also Hill v. Mercedes-Benz of N. Am.*, No. 13-03-00431-CV, 2003 WL 21940711, at *1 (Tex. App.—Corpus Christi Aug. 14, 2003, no. pet.) (holding unverified motion to reinstate filed under Texas Rule of Civil Procedure 165a did not extend deadline for perfecting appeal). In this case, the trial court's order dismissing the case for want of prosecution was entered on June 19, 2012. Because Adderson's motion to reinstate was unverified and he did not file any other motion that would extend the deadline to perfect appeal, any notice of

3

appeal was due within thirty days of the trial court's dismissal order. *See* TEX. R. APP. P. 26.1. Adderson's notice of appeal filed in September 2012 was thus untimely and as a result, this Court lacks jurisdiction over this appeal.

### III. CONCLUSION

We dismiss this appeal for want of appellate jurisdiction.

PER CURIAM

Delivered and filed the
8th day of May, 2014.