**Opinion issued March 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00271-CV

_____

**BILLY RAY BARNES, Appellant**

**V.**

**MARQUITA DEADRICK, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-06126**

---

## DISSENTING OPINION

I respectfully dissent. I strongly disagree with the majority's disposition of this case, which I believe has important consequences (1) for the application of Texas bill-of-review law, (2) for the construction of Texas Rule of Civil Procedure

165a, which makes mandatory and jurisdictional the failure to file a motion to reinstate a case dismissed for want of prosecution, and (3) Texas Rule of Civil Procedure 1, which provides that "[t]he proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law . . . with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable." TEX. R. CIV. P. 1.  I think the majority allows an abuse of the bill-of-review procedures and keeps alive frivolous and unsustainable litigation when the plaintiff has readily available a legitimate remedy for any substantive wrong he may have suffered.  I would affirm the judgment of the trial court and its award of sanctions.

The majority reverses the trial court's dismissal of a *second* bill of review filed by appellant, Billy Ray Barnes, seeking a new trial of a 2009 order in a suit affecting the parent-child relationship ("SAPCR"), filed in 2007, in which the trial court awarded sole managing conservatorship of a child to appellee, Marquita Deadrick, and supervised possessory conservatorship to Barnes.  Barnes defaulted in the SAPCR itself.  He failed to appeal the 2009 SAPCR order.  He failed to appear for the hearing on his *first* bill of review proceeding, filed a year and a half after the 2009 order.  He failed to present a shred of proof to corroborate his claim in his first bill of review that he was entitled to a new trial because he was not

served with the SAPCR. He failed to present any proof to dispute the recitals in the 2009 order that he was "duly cited and served." He failed to move to reinstate his first bill of review after the trial court dismissed it for want of prosecution. He failed to appeal the trial court's order dismissing his first bill of review. He waited another two years before filing this *second* bill of review. He failed to make an offer of proof that he was never served with the original SAPCR when the trial court held a hearing on the second bill of review. And then he filed this appeal from the trial court's order dismissing the second bill of review on res judicata grounds. The majority allows Barnes yet another bite at the apple. I would not. I believe the majority's ruling is contrary to established law, including law established by this Court, and contrary to the spirit of Rule 1.

It is hard to imagine a case in which a plaintiff has shown more conscious indifference to his own claim of right, in violation of the cardinal principle governing entitlement to a bill of review. Yet the majority's holding and opinion keeps alive Barnes's complaint that he was never served with the SAPCR—a complaint he has never sustained by any proof—and it allows him to use that bill of review to seek a new trial on the merits of the *six-year-old final order in an eight-year-old child custody dispute*.

I can only view the majority's reversal of the trial court's denial of Barnes's second bill of review as contributing to delays and the waste of litigation and

3

judicial resources in violation of Rule 1. Barnes's claims and issues are identical to those he filed in his previous bill of review proceeding, which he failed to prosecute, failed to move to reinstate following dismissal, and failed to appeal. I would hold that Barnes's second bill of review is barred under established law—including the law of this Court—by his own conscious indifference to prosecuting his first bill-of-review action and by his failure to file a motion to reinstate that first bill of review. I specifically note that Barnes is entitled to bring his own SAPCR to seek modification of the orders he has lived under for the last six years if he has any grounds for showing a change in circumstances that render the order unjust.

### Background

This is the second bill of review filed by Barnes concerning a SAPCR filed by Deadrick with respect to M.B. in 2007. Barnes failed to appear in the SAPCR to seek conservatorship of his child. On April 9, 2009, the trial court signed an order in the SAPCR that included a default judgment against Barnes. The order recited that Deadrick had appeared at trial with her attorney on March 23, 2009. The order also stated that, although he had been "duly and properly cited, [Barnes] did not appear [at trial] and wholly made default." The trial court appointed Deadrick as M.B.'s sole managing conservator and appointed Barnes as possessory conservator, granted him supervised visitation with M.B., and required him to pay $514.55 in monthly child support to Deadrick.

4

Barnes did not appeal the 2009 final order in the SAPCR, which granted sole managing conservatorship to Deadrick and supervised possessory conservatorship to him. Nor did he timely object in any way to the recitals in the trial court's final order that he had been duly and properly cited to appear but had made default. However, on or around September 10, 2010—almost a year and half later—he filed a verified bill of review in the trial court contending that he had never been properly served with the SAPCR. He did not attach any evidence to disprove the recitals in the 2009 SAPCR order that he had, in fact, been "duly and properly cited" with service.

On September 10, 2010, the associate judge held a hearing on Barnes's bill of review petition. Barnes again failed to appear—even at the hearing on his own bill of review—and thus presented no evidence to corroborate his claim that he had not been served in the SAPCR proceeding and was therefore entitled to a new trial. Although the associate judge made a docket sheet entry noting that the bill of review was denied, the associate judge did not sign a written order memorializing that entry. Instead, on February 15, 2011, the presiding judge of the trial court dismissed the bill of review for want of prosecution, noting that trial had been duly noticed to the parties for the previous day but neither had appeared.

Barnes did not timely file a motion to reinstate his bill of review pursuant to Texas Rule of Civil Procedure 165a, and he did not appeal the trial court's order dismissing his suit.

Barnes initiated his *second* bill-of-review proceeding—the proceeding underlying this appeal—on January 31, 2013, again seeking to set aside the 2009 order in the 2007 SAPCR. In his sworn petition, Barnes averred that he had been "prevented by [Deadrick] from asserting his parental rights to the child" because he "was served via substitute service at an incorrect address and thus never received notice of the pending action." He did not attach any extrinsic proof—not even his own affidavit—to corroborate his claim that he had not been served with the SAPCR petition in 2007 or to contradict the recitals in the 2009 final order that he had been duly cited but had made default. Nor did he attach any proof that he had not received notice of the hearing on his first bill of review, notice of the trial, or notice of that suit's dismissal for want of prosecution.

Deadrick answered the petition and asserted the affirmative defense of res judicata. Deadrick claimed as follows: (1) there was a "prior final judgment by the [trial] court" in Barnes's "previously filed bill of review"; (2) both Barnes and Deadrick were parties to the earlier filed bill-of-review proceeding; and (3) the second-filed petition for bill of review "is based on the claims that were raised or could have been raised in the first action."

6

The trial court conducted a hearing, heard and overruled Deadrick's special exceptions to Barnes's bill-of-review petition, heard the parties' arguments regarding Deadrick's affirmative defense of res judicata, and stated that the bill-of-review claim had been "ruled on more than three years ago. It was denied at that time, and res judicata applies." Barnes did not argue that his case should not be dismissed because it was not res judicata. He made no attempt to make an offer of proof that he had never been served in the initial SAPCR proceeding. The trial court signed an order denying the second bill-of-review petition on January 9, 2014.

Barnes first raised the argument that he makes on appeal—that his second bill-of-review petition was not barred by res judicata—in a motion for new trial, to which he attached a copy of the February 15, 2011 order that dismissed the first bill-of-review action for want of prosecution.

Deadrick responded that the trial court had appropriately denied Barnes's second bill-of-review petition on res judicata grounds. She offered the docket sheet from the first bill-of-review proceeding, pointing out that, according to the associate judge's notation, the associate judge had denied Barnes's first bill-of-review petition on September 10, 2010. She further asserted that it was procedurally improper for Barnes to challenge the trial court's denial of the second bill-of-review petition with a motion for new trial. She claimed that Barnes's only

available post-judgment remedy was to file an appeal. Deadrick also sought sanctions against Barnes, asserting that his motion for new trial had been filed for "an improper purpose" and "to harass or to cause unnecessary delay or needless increase in cost of litigation." Following a hearing, the trial court denied Barnes's motion for new trial, found that "Barnes's claim is barred by res judicata" and that his motion for new trial was "procedurally improper," found that Barnes had filed the motion for new trial for "an improper purpose," and sanctioned him $2,700, representing Deadrick's "reasonable attorney's fees."

On appeal, the majority reverses the trial court's orders and remands the case to the trial court to try Barnes's claim—made in both bills of review—that he was not served eight years ago in the 2007 SAPCR proceeding, a matter on which he has never presented any evidence despite repeated opportunities, all of which he has rejected.

I would hold that the trial court did not err in dismissing the case for want of prosecution in 2011 after Barnes missed both the hearing on his own bill-of-review petition and the scheduled and noticed trial on his petition and made no proof whatsoever that he had never been served with citation in the 2007 SAPCR, displaying conscious indifference to the proceedings. I would further hold that, because Barnes failed to avail himself of either a motion to reinstate his first bill of review within the time frame provided by Texas Rule of Civil Procedure 165a or a

timely appeal of the trial court's dismissal of that proceeding, his first bill of review became final and bars this subsequent attempt to resurrect his claim of lack of service in 2007.

I note that Family Code section 156.002 specifically authorizes a party affected by an order in a SAPCR to file a suit for modification in the court with continuing exclusive jurisdiction. TEX. FAM. CODE ANN. § 156.002 (Vernon 2014). And Family Code section 156.101 expressly permits the trial court to "modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and . . . the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since . . . the date of the rendition of the order." *Id.* § 156.101(a)(1)(A) (Vernon 2014). Barnes has never availed himself of this opportunity. Instead, he seeks to retry the 2007 case leading to the trial court's 2009 order awarding managing conservatorship of the child to Deadrick six years ago and awarding him possessory conservatorship despite his repeated acts of conscious indifference to his rights.

I would affirm the judgment of the trial court dismissing Barnes's second bill of review. I also agree with the finding of that court that this entire proceeding

is improper, and I would therefore likewise affirm the award of sanctions against Barnes.

### Bill of Review

#### A.     Standard of Review

In reviewing a trial court's ruling on a bill of review, we indulge every presumption in favor of the trial court's ruling, and we will not disturb it unless an abuse of discretion is affirmatively shown. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We may reverse the trial court for abusing its discretion in denying the bill of review only if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles. *Id.* In my view, this standard has not been followed by the majority in this case.

#### B.     Dismissal of First Bill of Review for Want of Prosecution and Barnes's Failure to Appeal or Move to Reinstate

The majority holds that the trial court's dismissal of Barnes's first bill of review proceeding for want of prosecution does *not* bar this second bill of review regarding the exact same subject matter as the first—Barnes's claim that he was never served with the 2007 SAPCR, in which he defaulted. I would hold that it does.

"[A] party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review." *Davis v. Smith*, 227 S.W.3d 299, 304 (Tex.

10

App.—Houston [1st Dist.] 2007, no pet.) (citing *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam)); *see also Wembley Inv. Co.*, 11 S.W.3d at 927 ("Generally, bill of review relief is available only if a party has exercised due diligence in pursuing all adequate legal remedies against a former judgment and, through no fault of its own, has been prevented from making a meritorious claim or defense by the fraud, accident, or wrongful act of the opposing party."). Thus, a bill of review is unavailable when a petitioner does not file a motion to reinstate a proceeding dismissed for want of prosecution. *See Davis*, 227 S.W.3d at 304; *see also Rizk v. Mayad*, 603 S.W.2d 773, 775 (Tex. 1980) ("[O]ne with an available appeal who fails to pursue that remedy is not entitled to seek relief by way of a bill of review."). "[T]he Supreme Court of Texas has explained that '[i]f a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence.'" *Davis*, 227 S.W.3d at 304 (quoting *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam)); *see also Rizk*, 603 S.W.2d at 776 (stating that "a bill of review may not be used when one neglects to urge a motion for new trial or appeal when he has time to do so").

Two sources grant a trial court the authority to dismiss a suit for want of prosecution, as the trial court here dismissed Barnes's first bill of review: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. *See* TEX.

11

R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The trial court may dismiss a case pursuant to Rule 165a based on the "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice" or when the case is not disposed of within the time standards promulgated by the Texas Supreme Court. *See Villarreal*, 994 S.W.2d at 630 (citing TEX. R. CIV. P. 165a(1), (2)). The common law also grants the trial court "the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Id.*; *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied).

Rule 165a provides for dismissal for want of prosecution "on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1) It then provides that the parties must be notified of the dismissal hearing and that "[a]t the dismissal hearing, the court *shall dismiss* for want of prosecution unless there is good cause for the case to be maintained on the docket. . . . *The case may be continued thereafter only for valid and compelling reasons specifically determined by court order*." *Id.* (emphasis added). Notably, the trial court is not required to hold a dismissal hearing before dismissing an action for want of prosecution after the plaintiff has failed to appear for a hearing and the order setting the hearing clearly warned the parties that they

12

could expect dismissal for want of prosecution if the plaintiff failed to attend. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 851–52 (Tex. 2004).

Rule 165a further provides that, following dismissal, a party may move to reinstate the case by verified motion setting forth the grounds for reinstatement. TEX. R. CIV. P. 165a(3). The motion *must* be filed with the clerk within thirty days after the order of dismissal is signed or within the period prescribed by Rule of Civil Procedure 306a for periods running from the date of judgment or notice of judgment. *See id.*; TEX. R. CIV. P. 306a. If a motion to reinstate an action dismissed for want of prosecution is timely filed, the trial court has plenary power to reinstate the case until thirty days after all such timely filed motions are overruled, either by written order or by operation of law. *Davis*, 227 S.W.3d at 303. If a motion to reinstate is not decided by signed, written order within seventy-five days after the judgment is signed, or within a time allowed by Rule 306a, the motion is deemed overruled by operation of law and the judgment of dismissal becomes final. *Id.*; *see* TEX. R. CIV. P. 165a(3). The time limits governing a motion to reinstate a cause of action dismissed for want of prosecution are mandatory and jurisdictional. *Davis*, 227 S.W.3d at 303.

When the trial court dismisses a case for want of prosecution and the plaintiff files a motion to reinstate, the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the

13

result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). A failure of the party or his attorney is not intentional or due to conscious indifference "within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468. "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id.* Conscious indifference "means more than mere negligence." *Id.* To obtain reinstatement, the plaintiff bears the burden of demonstrating that he has diligently prosecuted his case. *See Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d 125, 130 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.) ("The complaining party has the burden to bring forth a record to support its contention.").

Rule 165a(3)'s reinstatement provision applies to all dismissals for want of prosecution, including those made under the trial court's inherent power. *See Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 n.1 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (citing *Cappetta v. Hermes*, 222 S.W.3d 160, 166 (Tex. App.—San Antonio 2006, no pet.), and *Brown v. Howeth Invs., Inc.*, 820 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1991, writ denied));

14

*see also* TEX. R. CIV. P. 165a(4) ("The same reinstatement procedures and timetable are applicable to all dismissals for want of prosecution including cases which are dismissed pursuant to the court's inherent power . . . ."). By its plain language, Rule 165a provides the exclusive mechanism for reinstating a case following dismissal for want of prosecution. *See* TEX. R. CIV. P. 165a(3).

We review a trial court's ruling dismissing a case for want of prosecution and a court's ruling on a motion to reinstate for an abuse of discretion. *See Smith*, 913 S.W.2d at 468; *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). In reviewing a dismissal for want of prosecution, the court of appeals is required to affirm the dismissal if it finds that either the trial court's inherent authority or Rule 165a would have authorized the trial court to dismiss the action. *See Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A trial court does not, however, abuse its discretion when "its decision is based on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision." *Olivas*, 323 S.W.3d at 275 (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)).

Here, Barnes failed to appear for the hearing on his own first bill of review, justifying dismissal of that bill of review under the plain language of Rule 165a. *See* TEX. R. CIV. P. 165a(1). Moreover, the record affirmatively demonstrates that

Deadrick *did* appear and that Barnes had notice but did not. The trial court's order of dismissal likewise affirmatively states that "[a]ll counsel of record in the above mentioned case were notified by this court that this matter was set for final trial on the merits on 2-14-11" and that "[n]either counsel appeared." Dismissal of that first bill of review for failure to appear at *both* the hearing *and* the trial on the merits of the bill of review was therefore justified under Rule 165a. *See id.*; *Alexander*, 134 S.W.3d at 851–52.

Barnes filed no motion to reinstate his first bill of review. Barnes likewise failed to file an appeal of the trial court's order dismissing his first bill of review, just as he failed to file a motion to reinstate that proceeding. Since Barnes did not move to reinstate his first bill of review or file an appeal of the dismissal order, the order became a final and unappealable judgment thirty days after the trial court entered the order. *See Davis*, 227 S.W.3d at 303 (stating that time limits governing motion to reinstate cause of action dismissed for want of prosecution are mandatory and jurisdictional); *see also In re Valliance Bank*, 422 S.W.3d 729, 730 (Tex. App.—Fort Worth, 2013, orig. proceeding) (stating that Rule 165a requires timely-filed, sworn verification by movant or his attorney as jurisdictional prerequisite to extend plenary power of trial court beyond thirty days after order of dismissal is signed).

Because Barnes failed to file a motion to reinstate and failed to appeal the dismissal of his first bill of review, he failed to timely avail himself of available legal remedies, and the judgment on his first bill of review became final and unappealable. *See Rizk*, 603 S.W.2d at 775; *Davis*, 227 S.W.3d at 304. Notably, however, if he *had* filed an appeal, the reviewing court would have been obliged by law to conclude that the trial court did *not* abuse its discretion in dismissing his bill of review for want of prosecution and was not required to reinstate the claims that Barnes had failed to litigate despite repeated opportunities. *See Polk*, 165 S.W.3d at 96 (in reviewing dismissal for want of prosecution, court of appeals is required to affirm dismissal if it finds that either trial court's inherent authority or Rule 165a would have authorized trial court to dismiss action).

The majority's holding in this *second* bill of review, however, permits Barnes to bring *exactly* the same bill of review on *exactly* the same grounds as before—namely, that he was not served in 2007—despite established law holding that he has no such right. Like the supreme court in *Gold*, and this Court in *Davis*, I find it hard to imagine, under these circumstances, that Barnes was not negligent in failing to pursue his remedies for the alleged failure of Deadrick to serve him with notice of her petition in the SAPCR proceeding. *See Gold*, 145 S.W.3d at 214; *Davis*, 227 S.W.3d at 304. Indeed, I would hold that the record affirmatively demonstrates his conscious indifference to all of the proceedings from the filing of

17

the SAPCR in 2007 to the filing of his second bill of review and its dismissal. Therefore, in my view, it cannot be said that the trial court abused its discretion in dismissing the first bill of review.

## Conclusion

Because of Barnes's conscious indifference to his rights and his failure to move to reinstate his first—identical—bill of review under Rule 165a within the mandatory time limits, which resulted in a final and unappealable judgment against him on his first bill of review, I would hold that the trial court did not err in dismissing Barnes's second bill of review. *See Wembley Inv. Co.*, 11 S.W.3d at 927; *Davis*, 227 S.W.3d at 304. Accordingly, I would affirm the judgment of the trial court. I also agree with the trial court's award of sanctions and would affirm it.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Justice Keyes, dissenting.


18