In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-17-00073-CV**

**GWENALYN WESTBROOK, AS ADMINISTRATOR OF
THE ESTATE OF ERNEST WESTBROOK, Appellant**

**V.**

**HEIRS OF DAVID CROCKETT AND
MARVIN WHITEHEAD, Appellees**

**On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 26673**

## MEMORANDUM OPINION

This appeal concerns a dispute regarding the validity of certain conveyance documents purporting to convey title to a parcel of land. The original lawsuit was filed in 2005 by Ernest Westbrook ("Ernest") against the Heirs of David Crockett ("Heirs"), and then assigned cause number 26,673. The Heirs filed a counterclaim against Ernest and a third-party claim against Marvin Whitehead ("Marvin") in 2009. Thereafter, Marvin filed an answer, asserting a general denial. Ernest also filed

an answer, which asserted a general denial to the counterclaim. In Ernest's answer, he also asserted that the counterclaim was barred by res judicata and collateral estoppel, but he did not reference any particular legal proceeding. Ernest died in March of 2010, and Gwenalyn Westbrook ("Gwenalyn"), as Administrator of Ernest's estate, pursued the claim for Ernest's estate.

Gwenalyn filed a second supplemental petition on March 19, 2015, in which she asserted claims against Marvin for breach of contract and fraud. Gwenalyn sought actual and punitive damages, attorney's fees and costs, and requested that the court award her a constructive trust on the property. According to the second supplemental petition (hereinafter "the petition"), Marvin had agreed to pay $125,000 to purchase the property at issue, but he stopped making payments after having paid approximately $24,000. The petition further alleges that Marvin "removed the original contract and attached a new contract to the previous signature page, which stated that [Ernest] Westbrook had previously received all consideration for this transaction." Gwenalyn asserted a fraud claim and alleged that Marvin had committed fraud by "writing a new contract and attaching the signature page from a previous contract between [Marvin] and [Ernest], and filed it of record in the Jasper County Deed records[]" but Marvin had not paid in full and does not own the

2

property. On February 3, 2017, the trial court signed a take-nothing judgment against the plaintiff, from which Gwenalyn then filed a notice of appeal.

The appellate record reflects that on March 7, 2013, the trial court signed an Order of Dismissal in cause number 26,673, which stated

> On this the 7[th] day of March, 2013, came on to be considered the above entitled and numbered cause, as provided by the Texas Rules of Civil Procedure and the Rules of Procedure of the Second Administrative Judicial District; it is ordered that the same is in all things dismissed at the cost of Plaintiff(s). Signed this 7[th] day of March, 2013.

The clerk's docket also reflects that the entire cause was dismissed for want of prosecution.

On March 25, 2013, Gwenalyn filed an unverified motion to reinstate, alleging that the parties had been attempting to mediate. Marvin filed an objection to the motion to reinstate on May 2, 2013, alleging that "[m]ore than two years have elapsed since discovery has been substantially complete in this case and Plaintiffs have not set this matter for trial." On July 15, 2013, the trial court signed an order stating, in relevant part, "[t]he parties shall mediate the case and if mediation is unsuccessful, then the case shall be set for trial within one (1) year of May 3, 2013."

A trial court has plenary power to reinstate a case on its own motion within thirty days after it signs an order of dismissal for want of prosecution. *See* Tex. R. Civ. P. 165a(3), (4); *Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st

Dist.] 1995, no writ) (recognizing trial court has plenary power to reinstate case within thirty days of dismissal even in absence of motion to reinstate). If a motion to reinstate is not decided by a written, signed order within seventy-five days after the judgment dismissing the case is signed, it is deemed overruled by operation of law. Tex. R. Civ. P. 165a(3); *Davis v. Smith*, 227 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In the event the trial court fails to sign a written order of reinstatement during its 105-day plenary power, the judgment becomes final. *See* Tex. R. Civ. P. 165a(3); *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding); *Davis*, 227 S.W.3d at 303.

The Supreme Court of Texas has stated that an unverified motion to reinstate does not extend the trial court's plenary jurisdiction or the time in which to file a notice of appeal. *McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding) (granting mandamus relief to set aside order reinstating case more than thirty days after dismissal on unverified motion); *see also In re K.M.L.*, 443 S.W.3d 101, 110 (Tex. 2014); *Guest v. Dixon*, 195 S.W.3d 687, 688 (Tex. 2006); *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex. 1986). After the trial court's plenary power expires, it can take no further action on the case. *See* Tex. R. Civ. P. 329b(d). The time limits provided in Rule 165a are mandatory and

4

jurisdictional; orders of reinstatement entered after the expiration of the trial court's plenary power are void. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (trial court's order granting new trial signed after expiration of plenary power had expired was void); *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980); *Harris Cty. v. Miller*, 576 S.W.2d 808, 809 (Tex. 1979) (orig. proceeding); *Danforth Mem'l Hosp. v. Harris*, 573 S.W.2d 762, 763 (Tex. 1978) (orig. proceeding); *N-S-W Corp. v. Snell*, 561 S.W.2d 798, 798-99 (Tex. 1977) (orig. proceeding); *In re Valliance Bank*, 422 S.W.3d 729, 732-33 (Tex. App.—Fort Worth 2013, no pet.) (orig. proceeding); *United Residential Props., L.P. v. Theis*, 378 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The appellate record reflects that Gwenalyn's motion to reinstate was not verified, and under Rule 165a, her motion did not extend the plenary power of the trial court. *See* Tex. R. Civ. P. 165a(3), (4); *McConnell*, 800 S.W.2d at 194. Therefore, the trial court's plenary power over the cause ended thirty days after the order of dismissal was entered, on April 6, 2013. *See* Tex. R. Civ. P. 165a(3). As a result, the trial court lacked jurisdiction to enter the July 15, 2013 order purporting to reinstate the case. *In re Dickason*, 987 S.W.2d at 571. Moreover, even if Gwenalyn's motion to reinstate had been verified, her motion was overruled by operation of law and the judgment dismissing the case became final. *See* Tex. R.

5

Civ. P. 165a(3); *Emerald Oaks Hotel*, 776 S.W.2d at 578; *Davis*, 227 S.W.3d at 303. Appellant argues that the March 7, 2013 order of dismissal only dismissed that portion of the lawsuit pertaining to claims between Ernest and the Heirs. Appellant further argues that the caption for the order of dismissal, which reads "Ernest Westbrook vs. Heirs of David Crockett[,]" controls. We disagree.

The March 7, 2013 order by its express terms ordered cause number 26,673 "in all things dismissed[.]" The parties' rights and interests are determined by the decretal portion of a trial court's order or judgment, and not by any recitals preceding the decretal language. *See In re Thompson*, 991 S.W.2d 527, 531 (Tex. App.—Beaumont 1999, no pet.) (orig. proceeding).[1]

Accordingly, we have no choice but to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

---

[1] On March 25, 2013, Gwenalyn filed an unverified motion to reinstate her claim against Whitehead after the dismissal, and Whitehead opposed the reinstatement. Accordingly, it appears that Gwenalyn and Whitehead both understood the order of dismissal included a dismissal of her claims against Whitehead.

Submitted on February 21, 2018
Opinion Delivered May 17, 2018

Before Kreger, Horton, and Johnson, JJ.