

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00484-CV

———————————————————

IN RE TEXAS PARKS AND WILDLIFE DEPARTMENT, Relator

---

Original Proceeding
362nd District Court of Denton County, Texas
Trial Court No. 24-4090-362

---

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Relator Texas Parks and Wildlife Department (TPWD) has filed a petition for writ of mandamus in which it complains that the trial court lacked plenary power to grant real parties in interest Jose and Anita Munoz's motion to reinstate and thus that the order reinstating their lawsuit is void. We agree and conditionally grant TPWD's mandamus petition.

Mandamus relief is appropriate when a trial court's order is void, and an order is void if the trial court lacks plenary power to issue it. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) ("If a trial court issues an order []beyond its jurisdiction,[] mandamus relief is appropriate because such an order is void ab initio."); *see In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008) (orig. proceeding) ("Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired.").

Here, the challenged order granted the Munozes' motion to reinstate following a dismissal for want of prosecution. Rule of Civil Procedure 165a governs dismissal for want of prosecution and subsequent reinstatement. It provides that a case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Tex. R. Civ. P. 165a(1). After notice of the trial court's intention to dismiss and the date and place of the dismissal hearing, the trial court must dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. *Id.* Such notice and

2

dismissal occurred here, and the Munozes do not claim otherwise. If the trial court dismisses a case for want of prosecution, a party may file a motion to reinstate within 30 days after the order of dismissal is signed or within the period provided by Rule of Civil Procedure 306a. Tex. R. Civ. P. 165a(3).

Rule of Civil Procedure 306a addresses plenary power, notice, and critically important deadlines and requirements. *See generally* Tex. R. Civ. P. 306a. Paragraph (1) of Rule 306a sets out the starting point for the plenary-power periods to grant a motion to reinstate, among other things, providing,

> [T]he date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including . . . motions to reinstate a case dismissed for want of prosecution.

Tex. R. Civ. P. 306a(1).

Under Rule 306a, the clerk of the court must immediately send the judgment or order when it is signed to the parties. Tex. R. Civ. P. 306a(3). If a party adversely affected by an appealable order or his attorney has not received the clerk's notice of the order's signing within 20 days after it is signed nor acquired actual knowledge of it, Rule 306a provides a mechanism whereby the order may be deemed signed on a later date—essentially extending the trial court's plenary power—provided that date does not exceed 90 days from the date the order was actually signed:

If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

Tex. R. Civ. P. 306a(4).

There are additional procedural requirements to extend plenary power under Rule 306a(4) however. The adversely affected party "is required to prove in the trial court, *on sworn motion and notice*, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5) (emphasis added). No Rule 306a(4) motion was filed in this case. The Munozes instead filed an unsworn motion under Rule 165a.

But the motion did not comply with Rule 165a either. Under Rule 165a, the movant seeking reinstatement must file a motion that not only sets forth the grounds for reinstatement but that must also "be verified by the movant or his attorney." Tex. R. Civ. P. 165a(3). And if the movant complies with Rule 165a(3)'s requirements, then the trial court "shall reinstate the case upon finding *after a hearing* that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Id.* (emphasis added). Only "[i]f a motion to reinstate is timely

4

filed by any party," and the trial court conducts a hearing does the trial court have "plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." *Id.*

This court has previously reiterated that Rule 165a requires a timely-filed, *sworn verification* by the movant or his or her counsel (or a timely-filed affidavit or other adequate substitute) as a jurisdictional prerequisite to extend the trial court's plenary power beyond 30 days. *In re Valliance Bank*, 422 S.W.3d 729, 730 (Tex. App.—Fort Worth 2013, orig. proceeding [mand. denied]) (en banc) (op. on reh'g). That did not occur here.

The following timeline demonstrates TPWD's entitlement to mandamus relief:

- **February 14, 2025**: The trial court's coordinator notifies the parties that the trial court intends to dismiss the case on April 11, 2025.

- **April 11, 2025**: The Munozes fail to appear.[1]

- **April 14, 2025**: The trial court signs the order dismissing the case for want of prosecution, triggering the 30-day plenary period. *See* Tex. R. Civ. P. 165a(3).

- **May 14, 2025**: The last day of the 30-day period expires. *See id.*

---

[1]In their response, the Munozes attribute the failure to appear to a calendaring error by their counsel. They add that when they attempted to file a motion to compel on May 13, 2025, the clerk's office returned the filing with the notation, "This case has been closed as of 4/14/25." If they had filed their motion to reinstate on May 13, or on the next day, this original proceeding's outcome would be different.

5

- **May 15, 2025**: The Munozes' counsel files an unverified motion to reinstate. *Cf.* Tex. R. Civ. P. 165a(3); *Valliance Bank*, 422 S.W.3d at 730. In the motion, counsel asserts that the Munozes did not receive notice of the dismissal until May 13, 2025. *Cf.* Tex. R. Civ. P. 306a(4)–(5) (setting out requirements for showing when notice was received).

- **July 31, 2025**: The trial court signs the order to reinstate without a hearing. *Cf.* Tex. R. Civ. P. 165a(3) (allowing reinstatement *after* a hearing).

As set out above—and demonstrating the critical importance in following the procedural rules—the motion to reinstate was filed a day too late; the Munozes did not follow Rule 306a's requirements to file a motion and "prove in the trial court" that they received notice of the dismissal order on May 13, 2025, *see* Tex. R. Civ. P. 306a(5); the motion to reinstate was not verified;[2] and—even if plenary power had not been lost on May 14, 2025—the trial court did not hold a reinstatement hearing before granting the motion.[3]

---

[2]The Munozes refer us to *Federal Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689–90 (Tex. App.—Houston [1st Dist.] 1995, writ denied), in which the court held that a joint unverified motion to reinstate was the equivalent of a stipulation and thus tantamount to a verified motion to reinstate. But the Munozes ignore that the unverified motion to reinstate here was filed by only one party without the other party's agreement. The record reflects that in the unverified motion's certificate of conference, the Munozes' counsel stated that he had "attempted to confer with opposing counsel in writing regarding the merits of this motion and to date, ha[d] not received a response."

[3]In their response to TPWD's mandamus petition, the Munozes argue that the trial court entered an "*agreed* Scheduling Order and Discovery Control Plan" on June 17, 2025, but no agreement can change the fact that the trial court's plenary power had already expired. *See In re State Farm Mut. Ins. Co.*, 614 S.W.3d 316, 341 (Tex. App.—Fort Worth 2020, orig. proceeding [mand. denied]) (observing that parties cannot confer subject matter upon a trial court by agreement).

Because the trial court signed the reinstatement order after its plenary power expired, the order is void, and TPWD is entitled to mandamus relief. *See Panchakarla*, 602 S.W.3d at 539; *Brookshire Grocery Co.*, 250 S.W.3d at 68. Accordingly, we conditionally grant TPWD's petition for writ of mandamus and lift our September 26, 2025 stay of the trial court's proceedings. Only if the trial court does not vacate its reinstatement order will we issue the writ.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: October 23, 2025