Daisy Mae **DAVIS, Appellant,**

v.

**Jim R. SMITH and Cost Plus of Texas, Inc., Appellees.**

**No. 01–06–00799–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 5, 2007.

joined as a party.

Ike N.A. Waobikeze, Waobikeze & Associates, P.C., Houston, for Appellant.

Michael Scott Beckelman, Houston, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

In one issue, appellant, Daisy Mae Davis, appeals the dismissal of her petition for bill of review.

We affirm.

### Summary of Facts and Procedural History

On May 28, 2004, Davis sued appellees, Jim R. Smith and Cost Plus of Texas, Inc. (collectively, "Cost Plus"), for personal injuries she allegedly sustained when she slipped and fell on defective flooring at a Cost Plus store. According to Cost Plus, the case was set for a status conference on March 11, 2005 and for trial on March 14, 2005.

At the March 11, 2005 conference, the trial was reset and the trial court ordered the parties to appear for a subsequent status conference on July 18, 2005.[1] The trial court's order stated that the case would be dismissed for want of prosecution if a party failed to appear without notifying the court coordinator, at least 14 days prior to the status conference, of an agreed request for trial or a motion for default. On April 26, 2005, Davis's counsel reminded her by letter to appear on July 18, 2005.

On June 21, 2005, Cost Plus moved to compel Davis's deposition. On July 14, 2005, the trial court ordered Davis to appear for deposition on August 15, 2005.

On July 18, 2005, Davis failed to appear for the status conference, and the trial court dismissed her suit for want of prosecution, pursuant to the March 11, 2005 order. On July 25, 2005, Davis moved to reinstate the case, asserting that her fail-ure to appear at the status conference was neither intentional nor the result of conscious indifference, but the result of a calendaring error.

It is undisputed that, on July 29, 2005, at a hearing on Davis's motion to reinstate, the trial court took Davis's reason for her failure to appear "under advisement" and did not enter a written ruling. In addition, the trial court instructed Davis to appear for deposition on August 15, 2005, as previously ordered. According to Cost Plus, however, the trial court also instructed Davis to request a rehearing of her motion to reinstate once the deposition was complete. Davis disputes having been given any such instruction. The record does not contain a transcript of the hearing.

On August 15, 2005, Davis appeared for deposition and, on September 12, 2005, the reporter's certification was filed in the trial court. Davis did not seek a ruling on her motion to reinstate. Rather, on February 2, 2006, Davis moved to mediate the case. The trial court responded that the case had been dismissed on July 18, 2005.

On April 20, 2006, Davis filed a petition for bill of review, arguing that she was unable to present the merits of her case as a result of accident and official mistake. Specifically, Davis asserted that she had mistakenly believed that the filing of the reporter's certification was sufficient to advise the court that Davis had met the condition necessary for reinstatement. In addition, Davis asserted that there was an "official mistake" in that she "believed that the Court would inform her that her cause had [to] be re-docketed upon the Court receiving an affirmative proof that she had

---

1. We note that the signature line of the March 11, 2005 order in the record bears the type-written name of Judge Lynn Bradshaw–Hull, but does not contain the Judge's signature. Davis, however, does not dispute that she was ordered to appear on July 18, 2005.

met the conditions for doing so—to wit: the reporter's certification."

Cost Plus moved to dismiss Davis's petition for bill of review on the grounds that Davis had failed to diligently pursue a ruling on her motion to reinstate, that the trial court no longer had plenary power to reinstate the case, and that Davis had negligently permitted the judgment to become final without seeking an appellate remedy. On August 16, 2006, the trial court granted the motion of Cost Plus and dismissed Davis's petition for bill of review. This appeal ensued.

## Bill of Review

■ In one issue, Davis contends that the trial court erred by dismissing her petition for bill of review.

### A. Applicable Law and Standard of Review

■ A bill of review is an equitable proceeding brought by a person seeking to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes,* 154 S.W.3d 93, 96–97 (Tex.2004); *Wolfe v. Grant Prideco, Inc.,* 53 S.W.3d 771, 773 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Generally, a bill of review plaintiff must allege and prove (1) a meritorious claim or defense to the cause of action that supports the judgment, (2) which she was prevented from making by fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of her own. *Caldwell,* 154 S.W.3d at 96; *Wolfe,* 53 S.W.3d at 773. If the bill of review plaintiff alleges that judgment was rendered without proper notice, she is relieved from showing the first and second elements. *See Caldwell,* 154 S.W.3d at 97 (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988)). However, the plaintiff must still prove the third element, that "judgment was rendered unmixed with any fault or negligence" on her part. *See id.* at 97.

■ In addition, a bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *King Ranch v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003); *Wolfe,* 53 S.W.3d at 773. This due diligence requirement is distinct from the three elements of the bill of review. *Caldwell v. Barnes,* 975 S.W.2d 535, 537–38 (Tex.1998).

■ We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Interaction, Inc./State v. State/Interaction, Inc.,* 17 S.W.3d 775, 778 (Tex.App.-Austin 2000, pet. denied). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.* Because the record does not reflect that Davis requested, and the trial court did not make, findings of fact and conclusions of law, we will affirm the trial court's judgment if it is correct on any legal theory supported by the evidence. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

### B. Analysis

Here, it is undisputed that Davis had notice that she was ordered to appear on July 18, 2005 for a status conference and that the trial court intended to dismiss the case if she failed to appear. *See* Tex.R. Civ. P. 165a(1) (requiring trial court to give notice of its intent to dismiss). It is undisputed that Davis and her counsel failed to appear on July 18, 2005, as ordered. The record shows that, on July 18, 2005, the trial court issued an order dismissing Davis's case. *See id.* (permitting trial

court to dismiss for want of prosecution after party fails to appear for hearing of which it had notice); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex.1999). The order recites that the parties were notified and that Davis failed to appear.

Furthermore, it is undisputed that, on July 25, 2005, just seven days after the trial court signed the order of dismissal, Davis timely filed a motion to reinstate the case. *See* Tex.R. Civ. P. 165a(3) (requiring, generally, that motion to reinstate be filed within 30 days after order of dismissal is signed). Hence, Davis had actual notice of the dismissal in time to pursue a motion to reinstate the case.

■■■ On July 29, 2005, the trial court held a hearing on Davis's motion to reinstate, but did not rule at that time. Generally, the trial court had until the 75th day after it signed the dismissal order to enter a written order to reinstate, otherwise the motion would be deemed overruled by operation of law. *See id.*[2] Because Davis timely filed a motion to reinstate, the trial court retained plenary power over the case for an additional 30 days beyond the 75th day. *See id.*[3] However, because the trial court did not issue a signed order reinstating the case during the 105–day period after the date of the dismissal order, the motion was

deemed overruled and the judgment of dismissal became final. *See id.; Intercity Mgmt. Corp. v. Chambers,* 820 S.W.2d 811, 812 (Tex.App.-Houston [1st Dist.] 1991, orig. proceeding). The time limits in Rule 165a are mandatory and jurisdictional. *Walker v. Harrison,* 597 S.W.2d 913, 915 (Tex.1980). It is undisputed that Davis did not appeal the denial of the motion to reinstate.

Davis complains that she did not receive postcard notice from the trial court clerk that her motion to reinstate had been overruled by operation of law. Rules 165a and 306a require that notice of the signing of a final judgment or order to be sent to the parties.[4] However, nothing in Rules 165a or 306a requires such notice when a motion to reinstate is overruled by operation of law. Davis has not directed us to any authority requiring such notice. Moreover, the finality of the July 18, 2005 dismissal order is not dependent upon Davis's having received notice concerning a separate motion for reinstatement.

■■■ Davis seems to contend that the trial court orally suggested during the hearing on the motion to reinstate that the case would be reinstated upon the completion of Davis's deposition. There is not a transcript of the hearing in the record. However, even if the trial court made a

---

**2.** After a hearing, the trial court "shall reinstate the case" if it finds "that the failure of a party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." Tex.R. Civ. P. 165a(3). If a motion to reinstate "is not decided by signed written order within seventy-five days after the judgment is signed, or, within such time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law." *Id.*

**3.** Without regard to whether an appeal has been perfected, if a motion to reinstate is timely filed, the trial court has plenary power

to reinstate the case until 30 days after all such timely filed motions are overruled, either by written order or by operation of law, whichever occurs first. *Id.*

**4.** Rule 165a provides that notice of the signing of an order of dismissal must be given as provided in Rule 306a. Tex.R. Civ. P. 165a(1). Rule 306a operates to extend time limits set in Rule 165a when a party can show that it had no notice of the dismissal within 20 days from the signing of the dismissal. Tex.R. Civ. P. 306a(4). Rule 306a does not apply to the circumstances of this case.

**304**

such a pronouncement, "[a] trial court's oral pronouncement ... reinstating a cause is not an acceptable substitute for the written order required by rule." *Emerald Oaks Hotel/Conference Ctr. v. Zardenetta,* 776 S.W.2d 577, 578 (Tex.1989) (construing Rule 165a(3) to require motion to reinstate be "decided by a signed written order"). Moreover, as Cost Plus contends, Davis is charged with knowing that a case may be reinstated only by written order and that when the trial court did not issue a written order granting reinstatement within 105 days after the dismissal, the motion was overruled as a matter of law. *See* Tex.R. Civ. P. 165a(3).

■ Davis failed to diligently seek a ruling on her motion to reinstate, and she failed to appeal either the dismissal of the underlying action or the denial of the motion to reinstate. *See WMC Mortgage Corp. v. Starkey,* 200 S.W.3d 749, 752 (Tex. App.-Dallas 2006, pet. denied) (reviewing appeal of dismissal for want of prosecution); *Keough v. Cyrus USA, Inc.,* 204 S.W.3d 1, 4 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (reviewing appeal of trial court's denial of motion to reinstate). As Cost Plus contends, a party who fails to timely avail itself of available legal remedies is not entitled to relief by bill of review. *Wembley v. Herrera,* 11 S.W.3d 924, 927 (Tex.1999); *Hernandez v. Koch Mach. Co.,* 16 S.W.3d 48, 57 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). A bill of review is unavailable when, as here, a claimant has timely filed a motion to reinstate. *See Rizk v. Mayad,* 603 S.W.2d 773, 775 (Tex.1980). Furthermore, the Supreme Court of Texas has explained that "[i]f a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence." *See Gold v. Gold,* 145 S.W.3d 212, 214 (Tex.2004).

We conclude that relief by bill of review is not available in this case because Davis failed to exercise due diligence in availing herself of all adequate legal remedies. *See Gold,* 145 S.W.3d at 214; *Rizk,* 603 S.W.2d at 775. Having determined that Davis is not entitled to relief by bill of review, we hold that the trial court did not abuse its discretion by dismissing Davis's petition for bill of review.

Accordingly, we overrule Davis's sole issue.

### CONCLUSION

We affirm the judgment of the trial court.