TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00678-CV






Nicholas D. Brooks, Appellant


v.


Office of the Attorney General of Texas and Lorraine Jenkins, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. D-1-FM-06-002295, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Nicholas D. Brooks appeals from the district court's order denying his petition for
bill of review. In the bill of review proceeding, Brooks sought to set aside a July 22, 2004 final order
of the 250th District Court establishing his paternity of a child, D.J., and ordering him to pay child
support both prospectively and retroactively to the time of the child's birth. (1) Brooks had answered
the suit and filed a plea to the jurisdiction, contending that his parental rights to D.J. had been
terminated through a prior proceeding in a Harris County district court and that this court had
maintained continuing jurisdiction over the matter. However, he did not appear at the trial. In
addition to ordering Brooks to pay child support, the 250th District Court had denied Brooks's plea
to the jurisdiction "because the Harris County case was nonsuited and dismissed without prejudice
for want of prosecution."

 In his bill of review, Brooks asserted that he did not receive notice of the trial setting
and that he had the meritorious defenses that (1) his parental rights to D.J. had been terminated in
the Harris County district court and that this court had maintained continuing jurisdiction (as Brooks
had argued in his plea to the jurisdiction); and (2) he had already paid some child support for D.J.
prior to the July 2004 order. In two issues, Brooks contends that the district court abused its
discretion in denying his bill of review. On this record, we cannot conclude that the district court
abused its discretion in denying him relief, and will affirm its order.

 We review a trial court's ruling on a bill of review for abuse of discretion,
indulging every presumption in favor of the court's ruling. Davis v. Smith, 227 S.W.3d
299, 302 (Tex. App.--Houston [1st Dist.] 2007, no pet.); Narvaez v. Maldonado, 127 S.W.3d
313, 319 (Tex. App.--Austin 2004, no pet.); Interaction, Inc./State v. State/Interaction, Inc.,
17 S.W.3d 775, 778 (Tex. App.--Austin 2000, pet. denied). "The burden on a bill of review
complainant is heavy because it is fundamentally important that judgments be accorded some
finality; therefore, bills of review seeking relief from otherwise final judgments are scrutinized 'with
extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted.'"
Narvaez, 127 S.W.3d at 319 (quoting Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950)). 
Because the record reflects that Brooks did not request, and the district court did not make, findings
of fact and conclusions of law, we will affirm the district court's judgment if it is correct on any legal
theory supported by the evidence. Davis, 227 S.W.3d at 302 (citing Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990)).

 A bill of review "is an equitable proceeding brought by a party seeking to set aside
a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." Caldwell
v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). Because of the importance our legal system places on
the finality of judgments, bills of review are permitted only in exceptional circumstances. Nelson
v. Chaney, 193 S.W.3d 161, 165 (Tex. App.--Houston [1st Dist.] 2006, no pet.) (citing Alexander,
226 S.W.2d at 998). To prevail, the petitioner must plead and prove (1) a meritorious defense to the
cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud,
accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. 
Caldwell, 154 S.W.3d at 96. Successfully establishing the elements for a bill of review entitles the
petitioner to a new trial of the underlying cause of action. See id. at 97.

 In this case, Brooks failed to prove, at the very least, the third element. Generally,
bill of review relief is available only if a party has exercised due diligence in pursuing all
adequate legal remedies against a former judgment. Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999). If legal remedies were available but ignored, relief by equitable bill of review
is unavailable. Id.; see also Narvaez, 127 S.W.3d at 321 ("Equity aids the diligent and not those who
slumber on their rights."). One such remedy is Texas Rule of Civil Procedure 306a, which allows
a party who has not received notice of a judgment from the clerk within twenty days to calculate
post-judgment deadlines from the date the party or its attorney received notice of the judgment, but
"in no event shall such periods begin more than ninety days after the original judgment was signed." 
Tex. R. Civ. P. 306a(4). Thus, provided that Brooks had notice of the default judgment within
90 days after it was signed, he could have pursued this remedy. See Nguyen v. Intertex, Inc.,
93 S.W.3d 288, 296-97 (Tex. App.--Houston [14th Dist.] 2002, no pet.).

 Here, there was evidence sufficient to support the district court's implied finding
that, at a minimum, Brooks had failed to exercise due diligence in pursuing available
appellate remedies once he had knowledge of the default judgment. The record reflects that on
October 11, 2004--within 90 days of the July 22, 2004 order--Brooks served on the Attorney
General a "Motion to Withdraw Administrative Writ and Request for Hearing." The filing stated
that "[a] default judgment has been entered against the Movant for the payment of child support" and
indicated that an administrative hearing regarding the enforcement of the child-support order had
been held. Brooks asserted that his parental rights to D.J. had been terminated in the Harris County
proceeding and indicated that the Attorney General "returned child support payments to Movant after
this date." The 250th District Court subsequently denied this motion on June 29, 2005. (2) This record
supports the district court's implied findings in the bill-of-review proceeding that Brooks had failed
to diligently pursue available appellate remedies to set aside the July 2004 final order once he
learned of it. See Tex. R. Civ. P. 306a; Narvaez, 127 S.W.3d at 321 (where record did not clearly
disclose whether petitioner availed himself of rule 306a, bill of review was properly denied); see also
Gold v. Gold, 145 S.W.3d 212, 214 (Tex. 2004) ("If a motion to reinstate, motion for new trial, or
direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would
not be negligence.").

 Furthermore, one of the arguments raised in Brooks's petition for bill of
review, involving the alleged termination of Brooks's parental rights in Harris County,
was previously addressed in his motion to withdraw the administrative writ, which the
district court considered and denied. Issues that have already been litigated or could have been
litigated in the trial court cannot be relitigated in a bill of review. See Boaz v. Boaz, 221 S.W.3d
126, 131-32 (Tex. App.--Houston [1st Dist.] 2006, no pet.). (3)

 We also observe that there is conflicting evidence as to whether Brooks received
notice of the trial. The district court, as the fact-finder, was free to resolve this conflict in the
evidence in favor of finding that Brooks received notice. See Garza v. Attorney Gen., 166 S.W.3d
799, 808 (Tex. App.--Corpus Christi 2005, no pet.) (when reviewing trial court's ruling on bill of
review, "[i]f the record supports the trial court's evidentiary findings, the reviewing court is not at
liberty to disturb them.").

 On this record, we cannot conclude that the district court abused its discretion in
denying Brooks's petition for bill of review. We overrule Brooks's issues and affirm the district
court's order.

 



 ____________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: June 11, 2008

1. The order required Brooks to pay $242.00 per month in current child support, $25 per
month in medical support, and $11,616 ($133 per month) in retroactive child support.
2. On the same date, the court also issued an order denying a "Motion to Dismiss" filed by
Brooks, although such a motion does not appear in our record.
3. We recognize that Brooks apparently was acting pro se when he filed his motion to
withdraw the administrative writ. However, in order to prevent unfair advantage over litigants
represented by counsel, pro se litigants are held to the same standards as licensed attorneys and are
required to comply with applicable laws and procedural rules. Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184-85 (Tex. 1978).