Opinion issued February 21, 2013



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-01063-CV

_____

**MARIS MARLENE MICHAELS AND STANLEY G. MILLER, Appellants**

**V.**

**DONALD ZIEGLER AND IDA ZIEGLER, Appellees**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 09-CV-1686**

---

## MEMORANDUM OPINION

Maris Marlene Michaels and Stanley G. Miller appeal from the trial court's denial of their original petition for bill of review seeking to set aside a judgment rendered after a trial on the merits. We affirm.

## Background

Donald Ziegler and Ida Ziegler filed suit against Michaels and Miller alleging breach of contract and fraud. After a trial on the merits, the jury returned a verdict in favor of the Zieglers. Approximately two weeks later, on March 25, 2009, the Zieglers filed a motion to enter final judgment, attaching a proposed judgment, a copy of which was forwarded to Miller and Michael's counsel. The trial court signed the final judgment on April 7, 2009. On September 17, 2009, appellants filed an original petition for bill of review seeking to set aside the judgment.

In their petition for bill of review, appellants claimed that, although they had meritorious claims, they were prevented from either obtaining a new trial or perfecting a timely appeal in the underlying case due to "extrinsic fraud" on the part of the Zieglers and "official mistakes of the Court system," which were "unmixed with any fault or negligence" on appellants' part. In particular, appellants alleged that the Zieglers, inter alia, led them to believe that there would be a hearing on the Zieglers' motion to enter final judgment, but then failed to set a hearing on the motion. Appellants also alleged that the Zieglers knowingly made material misrepresentations to the trial court, which the court relied upon when it entered the final judgment and denied appellants' timely motion for new trial. Appellants further alleged that they were prevented from pursuing post-judgment

remedies because the district clerk failed to provide them with proper notice that the trial court had signed orders denying their motion for new trial and motion to modify, reform, or correct the judgment—even though appellants also contend that no such orders were ever signed. The trial court denied relief after a brief trial on September 15, 2010, and subsequently made findings of fact and conclusions of law. Appellants filed this timely appeal.

## Standard of Review

A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A party seeking a bill of review who has participated in the trial court proceedings must plead and prove that (1) a meritorious ground of appeal exists; (2) which the party was prevented from presenting in a motion for new trial or ordinary appeal by the fraud, accident, or wrongful act of the opposing party, or official mistake or misinformation; (3) unmixed with the fault or negligence of the petitioner. *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.); *McDaniel v. Hale*, 893 S.W.2d 652, 660, 662–63 (Tex. App.—Amarillo 1994, writ denied); *see also Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245–46 (Tex. 1974). A meritorious ground of appeal is one that, had it been presented to

the appellate court as designed, might, and probably would, have caused the judgment to be reversed. *Petro-Chem.*, 514 S.W.2d at 245; *Thompson*, 149 S.W.3d at 164.

In addition, a bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). This due diligence requirement is distinct from the three elements of the bill of review and is a prerequisite to bringing a bill of review. *Caldwell v. Barnes*, 975 S.W.2d 535, 537–38 (Tex. 1998); *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). If legal remedies were available but ignored, relief by equitable bill of review is unavailable. *Caldwell*, 975 S.W.2d at 537; *see also French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (stating party who permits judgment to become final without appealing it cannot seek relief by bill of review without providing adequate explanation for failure to appeal). This applies even if the failure results from the negligence or mistake of a party's attorney. *Gracey v. West*, 422 S.W.2d 913, 916 (Tex. 1968) (stating client is bound by acts of his attorney, and attorney negligence is not sufficient ground to support bill of review).

We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis*, 227 S.W.3d at

4

302. A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

**Discussion**

The trial court found that appellants failed to establish that they were entitled to a bill of review in this case for several reasons—one of which was that appellants offered no adequate explanation for their failure to pursue an appeal in the underlying case despite the fact that they had actual notice of the judgment in time to file post-judgment motions (e.g., appellants' motion for new trial and motion to modify the judgment) on which the trial court held a hearing prior to the expiration of its plenary power.

The record, which supports the trial court's findings and conclusions of law on this issue, reflects that appellants timely filed their motion for new trial and motion to modify, reform, or correct the judgment on May 5, 2009. Not only did appellants' May 5, 2009 motions expressly acknowledge that the trial court signed the final judgment in the underlying case on April 7, 2009, but signed copies of the final judgment were attached to both motions. Even had the trial court not signed an order denying appellants' new trial motion (or had the district clerk failed to provide appellants with notice of such an order), as appellants allege, this would not justify appellants' failure to file a timely notice of appeal because the disposition of the motion for new trial does not affect the appellate timetables. *See*

5

*generally* TEX. R. CIV. P. 329b(c) (stating that if motion for new trial is not determined by written order signed within seventy-five days after judgment was signed, it is considered overruled by operation of law). In this case, assuming no written order disposing of the motion for new trial had been signed before that date, appellants' motion was overruled by operation of law on June 22, 2009.

The record reflects that, despite their protestations to the contrary on appeal, appellants had actual knowledge of the final judgment in the underlying case at least by May 5, 2009. Because appellants filed a timely motion for new trial, they had until July 6, 2009, to file their notice of appeal. *See* TEX. R. APP. P. 26.1 (stating notice of appeal must be filed within thirty days after date judgment was signed, but when motion for new trial has been filed, notice of appeal must be filed within ninety days after date on which judgment was signed). Appellants have not adequately explained why they never filed a notice of appeal, despite having ample opportunity to do so. *See French*, 424 S.W.2d at 894–95 (stating that party who permits judgment to become final without appealing it cannot seek relief by bill of review unless they adequate explanation for failure to appeal; holding bill of review unavailable to claimant who timely filed motion for new trial but never appealed when motion was denied by operation of law). Accordingly, appellants are not entitled to a bill of review.

We overrule appellants' issues on appeal.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.