Opinion issued February 2, 2016



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-15-00208-CV

## NO. 01-15-00701-CV

————————————————

**JOE PAYTON LEE, Appellant**

**V.**

**RITA LEMONS, Appellee**

*and*

**RITA LEMONS, Appellant**

**V.**

**JOE PAYTON LEE, Appellee**

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2013-55684

**MEMORANDUM OPINION**

Joe Payton Lee, appearing pro se, appeals the trial court's denial of his bill of review challenging Rita Lemons's default judgment against him. Rita Lemons, also appearing pro se, cross-appeals the trial court's denial of her counterclaims seeking damages and equitable relief. On December 17, 2015, this Court issued an opinion and judgment in Appellate Cause No. 01-15-00208-CV affirming the trial court's judgment. We withdraw our December 17, 2015 opinion and judgment and issue this opinion and judgment in their stead. *See* TEX. R. APP. P. 19.1(a). The disposition remains the same. Finding no error, we affirm.

## BACKGROUND

Joe Lee sought a bill of review setting aside Rita Lemons's 2001 default judgment against him. In his petition, Lee alleges that he was never served with process in the 2001 proceeding and did not find out about it until 2011. He further alleges that his daughter forged his signature on corporate papers to make it appear as though he was involved in her business, and hired a lawyer to answer Lemons's lawsuit, without his knowledge. Lee sued Lemons and Harris County Constable May Walker to stop the forced sale of his real property to satisfy his judgment debt. He also petitioned the trial court for a restraining order blocking the sale of any of his property.

Rita Lemons answered and asserted various counterclaims. At trial, Lemons failed to appear. Lee made a brief statement, but presented no testimony or other evidence. The trial court denied Lee's bill of review and Lemons's counterclaims.

## DISCUSSION

Lee raises three issues on appeal. He first complains that the trial court erred by finding him liable for the debts of his daughter's company, Classic Medical and Dental Clinic. In his second issue, he contends that Lemons's 2001 suit was an abuse of process because he was shielded from liability and Lemons failed to serve him. He claims that the trial court's failure to respond to these abuses deprived him of due process. Lastly, Lee claims that any judicial sale of his property would affect his wife's interest in it under Texas community property law, violating her rights under Texas statute and the Texas and federal constitutions.

### A. Standard of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). A bill of review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was unable to present due to the fraud, accident or wrongful act of the opposite party or official mistake, (3) unmixed with any negligence of

3

his own.  *Caldwell*, 154 S.W.3d at 96; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979). A bill of review plaintiff claiming lack of notice of a trial setting is relieved of proving the first two elements, but still must prove the third element: lack of fault or negligence. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam); *Caldwell*, 154 S.W.3d at 96–97. This element requires a party to show that it diligently pursued all adequate legal remedies. *Mabon Ltd.*, 369 S.W.3d at 813. "Standing alone, 'the fact that an injustice may have occurred is not sufficient to justify relief by bill of review."  *In re Office of Att'y Gen.*, 276 S.W.3d 611, 618 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding [mand. denied]) (quoting *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.)).

We review a trial court's ruling on a bill of review for an abuse of discretion, indulging every presumption in favor of the court's ruling. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to guiding rules and principles. *Id.*

## B. Lee's Claims

Lee claims that the trial court erred in ordering him to pay the default judgment against him and denying the bill of review. We construe this as a complaint that the trial court abused its discretion in weighing the evidence. In the

4

trial on his bill of review, Lee made an opening statement in which he asserted that he had nothing to do with Classic Medical and Dental Clinic or his daughter's business dealings and that he should not have to pay the judgment. He discussed documents pertaining to Classic Medical and Dental Clinic's status and various related legal proceedings. Lee did not, however, present any evidence. He did not testify, call any witnesses, or offer any documentary evidence into the record. After hearing Lee's statement, the trial court denied his bill of review. Lee bore the burden of proving that he was not served with process. *Caldwell*, 154 S.W.3d at 97. Because he produced no evidence to meet this burden the trial court was within its discretion in denying his bill of review. *See Davis*, 227 S.W.3d at 302.

In Lee's claim for abuse of process, Lee alleges misconduct by Lemons, including harassment, extortion, and failure to serve him with process. To support these allegations, Lee relies on transcripts from a federal-court sanctions proceeding brought against Lemons. He has attached these transcripts to his brief, along with related court records. These records, however, do not appear in the trial record in this proceeding. With limited exceptions not relevant here, we cannot consider documents that were not included in the trial record. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 292–93 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Lee did not present any evidence in the trial court. Thus, the record contains no evidence to support Lee's claim. He cannot complain that the trial court should

have found in his favor on his abuse-of-process claim when there is no basis in the trial record to support such a finding. *See JLG Trucking, LLC v. Garza*, 466 S.W.3d 157, 165 (Tex. 2015) (observing that plaintiff bears burden of proving her cause of action); *Nguyen*, 93 S.W.3d at 292–93.

Lee alleges also that the trial court deprived him of due process by failing to act against Lemons's abuse. It is not clear, however, exactly which of the trial court's actions Lee protests. His brief does not specify any particular action by the trial court that deprived him of his rights, apart from its disposition of his bill of review. Lee's brief does not contain any argument or citation supporting his due process claim. Because Lee is proceeding pro se, we liberally construe his brief. TEX. R. APP. P. 38.9; *Manderscheid v. Laz Parking of Texas, LLC*, No. 01-13-00362-CV, 2015 WL 6081802, at \*1 n.1 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet. h.). We cannot, however, make his arguments for him. *Jordan v. Jefferson Cty.*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied). Accordingly, we hold that Lee has inadequately briefed this issue and thus waived it. *See* TEX. R. APP. P. 38.1(i); *see also Stephens v. Dolcefino*, 126 S.W.3d 120, 129–30 (Tex. App.—Houston [1st Dist.] 2003), *pet. denied*, 181 S.W.3d 741 (Tex. 2005).

Finally, Lee challenges the planned sale at judicial auction of his real property on the grounds that it is his wife's property under Texas marital property

law. A bill of review seeks to set aside a judgment that is in some way defective. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). In order to prevail, a plaintiff must show that she was prevented by some outside factor from making a meritorious claim or defense in the proceeding that produced the challenged judgment. *Fernandez*, 315 S.W.3d at 511 n.30. Lee's complaint pertains to the enforcement of a judgment, not the underlying judgment's validity. Further, Lee did not raise this argument in the trial court. As a prerequisite for review, the Rules of Appellate Procedure require that a complaint be made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Because Lee did not timely present his community-interest claim to the trial court, he has waived review of his complaint on appeal. *Id.*

## C. Lemons's Counterclaims

Lemons cross-appeals the trial court's denial of her counterclaims at trial and requests various other types of relief.[1] Her brief is a laundry list of claims against Lee, but none are substantiated in the record or supported with citation or legal argument. We hold that the trial court did not err in denying Lemons's counterclaims because Lemons did not appear at trial and presented no supporting evidence. *See Walker v. Kleiman*, 896 S.W.2d 413, 416 (Tex. App.—Houston [1st

---

[1] Although Lemons's notice of appeal in 01-15-00701-CV references a final judgment dated June 29, 2015, the record does not contain a judgment on that date and the only final judgment in the underlying case was the February 17, 2015 denial of Lee's bill of review and Lemons's counterclaims.

Dist.] 1995, no pet.) (holding that trial court may render take-nothing judgment on counterclaim of defendant who fails to appear for trial). To the extent that Lemons complains of the trial court's disposition of Lee's bill of review rather than her counterclaims, we hold that she waived her complaints by inadequately briefing them. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Lemons also has filed multiple motions in this court, including requests for summary judgment. We deny Lemons's purported motions for summary judgment. As an appellate court, we are without jurisdiction to hear pre-trial motions or to grant summary judgment. *See generally* TEX. GOV'T CODE ANN. §§ 22.220–221 (West 2004 & Supp. 2015).

## CONCLUSION

We affirm the judgment of the trial court. All other pending motions are dismissed as moot.

Jane Bland
Justice

Panel consists of Justices Jennings, Keyes, and Bland.

8