

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00336-CV

———————————————

SRMOF II 2012-1 TRUST, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, Appellant/Cross-Appellee

V.

KEVIN ALAIMO, Appellee/Cross-Appellant

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 15-04164-158

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

In October 2014, Kevin Alaimo filed a suit to quiet title to a residence in Aubrey, Texas. On December 15, 2014, he obtained a final default judgment declaring him to be the fee owner of the residence. Claiming that the default judgment was void, SRMOF II 2012-1 Trust, U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Trustee (U.S. Bank) subsequently filed an amended petition for bill of review seeking to set aside that default judgment. The trial court granted the amended petition and set aside the default judgment.

The parties then proceeded to adjudicate the merits of Alaimo's quiet-title suit. Alaimo moved for summary judgment. The trial court granted the motion and signed a final judgment on August 2, 2018, that declared Alaimo to be the fee owner of the residence. Both Alaimo and U.S. Bank have appealed.

Alaimo's appeal raises two issues challenging the trial court's order granting U.S. Bank's amended petition for bill of review. U.S. Bank's appeal presents three issues challenging the trial court's subsequent order granting Alaimo's motion for summary judgment. We conclude the trial court abused its discretion by granting U.S. Bank's amended petition for bill of review. Therefore, we reverse that order, vacate the trial court's August 2, 2018 final judgment, and render judgment reinstating the December 15, 2014 default judgment.

# I. BACKGROUND[1]

In early 2008, James Fann borrowed $121,539 to purchase a residence in Aubrey, Texas. To secure that debt, he executed a deed of trust that ultimately was assigned to U.S. Bank. Fann was also subject to a homeowner's-association agreement that gave the association a lien on the residence to secure his obligations under that agreement. The lien created under the homeowner's-association agreement was subordinate to the deed of trust. Fann eventually defaulted on his obligations under the homeowner's-association agreement, the association foreclosed on its lien, and Mark DiSanti purchased the residence for $2,300 at the November 3, 2009 foreclosure sale.

On September 14, 2011, DiSanti conveyed the residence to the Bradford 790 Land Trust (Bradford). After that conveyance, U.S. Bank filed a notice stating its intent to foreclose on its lien under the deed of trust. In response, Bradford filed a quiet-title suit, seeking a declaration that U.S. Bank's deed of trust was unenforceable because its power of sale was barred by limitations. On January 6, 2014, the district

---

[1]This case has a complex procedural history, which includes two previous appeals and one mandamus proceeding in this court, as well as one mandamus proceeding in the supreme court. *See Alaimo v. U.S. Bank Tr. Nat'l Ass'n*, 551 S.W.3d 212, 213 (Tex. App.—Fort Worth 2017, no pet.); *In re Alaimo*, No. 02-15-00321-CV, 2015 WL 7019874, at *1 (Tex. App.—Fort Worth Nov. 12, 2015, orig. proceeding [mand. denied]) (mem. op.); *Alaimo v. SRMOF II 2012-1 Tr.*, No. 02-15-00217-CV, 2015 WL 4776097, at *1 (Tex. App.—Fort Worth Aug. 13, 2015, no pet.) (mem. op.). We omit the details of this procedural history from our discussion except to the extent they are necessary to our analysis of the issues raised in this appeal. *See* Tex. R. App. P. 47.1.

court signed a default judgment finding that U.S. Bank had been duly served but had failed to answer and rendering judgment in Bradford's favor.

In its default judgment, the trial court decreed that Bradford owned the residence and that U.S. Bank held no ownership interest in the residence, and it permanently enjoined U.S. Bank from enforcing the power of sale in its deed of trust. On February 21, 2014, Bradford conveyed the residence to Alaimo. A few months later, U.S. Bank filed and, on July 25, 2014, obtained, a bill of review declaring the district court's January 6, 2014 default judgment void and of no effect.

On October 23, 2014, Alaimo initiated trial court cause number 14-08565-158, a quiet-title suit alleging that since the time he had acquired the residence, U.S. Bank had attacked the January 6, 2014 default judgment that was in his chain of title and had attempted to reassert an ownership interest in the residence. Alaimo alleged that he was a bona fide purchaser of the residence, and he sought a declaration that as such, he owned the residence free of any encumbrances claimed by U.S. Bank. On December 15, 2014, the trial court signed a default judgment finding that U.S. Bank had been duly served but had failed to answer. The trial court rendered judgment declaring that Alaimo was a bona fide purchaser of the residence and owned it free of any liens or encumbrances that arose prior to the time he had purchased it from Bradford.

4

Presumably unaware of the trial court's December 15, 2014 default judgment, U.S. Bank foreclosed on its deed of trust and purchased the residence for $219,661.15 at the foreclosure sale in April 2015.

On May 18, 2015, U.S. Bank initiated this bill-of-review proceeding, docketed as trial court cause number 15-04164-158, seeking to set aside the December 15, 2014 default judgment in trial court cause number 14-08565-158. U.S. Bank alleged it was never properly served with process in trial court cause number 14-08565-158 and that consequently, the December 15, 2014 default judgment the trial court rendered in that cause was void. U.S. Bank amended its bill of review and set it for hearing on July 8, 2015. After conducting a hearing, the trial court granted the amended bill of review and set aside the December 15, 2014 default judgment. This is the order Alaimo challenges on appeal.

After the trial court set aside the December 15, 2014 default judgment, U.S. Bank and Alaimo proceeded to litigate Alaimo's quiet-title claims against U.S. Bank. The parties eventually filed cross-motions for summary judgment, and the trial court ultimately rendered a final summary judgment in Alaimo's favor, declaring that he owned the residence, that U.S. Bank's deed of trust was unenforceable, and that the April 7, 2015 foreclosure sale was void ab initio. This is the order from which U.S. Bank appeals.

5

## II. ISSUES ON APPEAL

In his appeal, Alaimo argues the trial court abused its discretion by granting U.S. Bank's amended petition for bill of review and setting aside the December 15, 2014 default judgment that quieted title to the residence in him. He raises two issues. In the first, he argues that the trial court's granting the bill of review was an abuse of discretion because U.S. Bank failed to plead and prove the three essential elements necessary to prevail on a bill of review. And in the second, he contends the record does not show a defect in service of process, which was the basis of U.S. Bank's amended bill of review.

U.S. Bank's appeal challenges the trial court's final summary judgment in Alaimo's favor. U.S. Bank presents three issues. First, it contends that Alaimo failed to meet his summary-judgment burden to establish that U.S. Bank's lien was barred by limitations. Second, it argues the trial court abused its discretion by striking a counterclaim it filed. And third, it contends Alaimo did not establish that he acquired the residence as a bona fide purchaser for value.

We conclude that Alaimo's first issue is meritorious and that it should be sustained. And because that issue is dispositive, we do not address the parties' remaining issues. *See* Tex. R. App. P. 47.1.

## III. STANDARD OF REVIEW

We review a trial court's ruling on a bill of review for an abuse of discretion. *Davis v. Smith*, 227 S.W.3d 299, 302 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

6

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

## IV. DISCUSSION

### A. APPLICABLE LAW

A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987). Ordinarily, to prevail on a bill of review, the petitioner must plead and prove (1) a meritorious defense to the cause of action supporting the judgment (2) that he was prevented from making by the fraud, accident, or wrongful act of the opposing party (3) unmixed with any fault or negligence of his own. *Id.* at 407–08.

However, when a bill-of-review petitioner alleges that it was not served with process in the proceeding that resulted in the default judgment under attack, the three ordinary bill-of-review requirements are modified. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797–98 (Tex. 2006); *Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex. 2004). An allegation of nonservice relieves the petitioner of the first two bill-of-review requirements. *See Ross*, 197 S.W.3d at 797–98; *Caldwell*, 154 S.W.3d at 96–97; *Langdon v. Gilbert*, No. 03-14-00491-CV, 2014 WL 7464095, at *2 (Tex. App.—

7

Austin Dec. 31, 2014, no pet.) (mem. op.). But the petitioner must still prove the third requirement—that the judgment was rendered unmixed with any fault or negligence of its own. *Caldwell*, 154 S.W.3d at 97; *see Langdon*, 2014 WL 7464095, at *2. This third requirement is conclusively established if the petitioner can prove that it was never served with process. *Caldwell*, 154 S.W.3d at 97. The petitioner has the burden of proving that it was not served with process. *Id.* In short, a defendant who alleges and proves it was not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first bill-of-review requirement, and lack of service establishes the second and third. *See Ross*, 197 S.W.3d at 797.

A bill of review is a direct attack on a trial court's judgment. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015). In a direct attack on a default judgment, there is no presumption in favor of valid issuance, service, or return of citation. *Garcia v. Ennis*, 554 S.W.3d 209, 213 (Tex. App.—Fort Worth 2018, no pet.). Rather, for a default judgment to withstand direct attack, strict compliance with the applicable rules for issuance, service, and return of citation must affirmatively appear on the record. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Garcia*, 554 S.W.3d at 213. If the record does not affirmatively show strict compliance, any attempted service of process is rendered invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *Garcia*, 554 S.W.3d at 213–14.

## B. ANALYSIS

In his first issue, Alaimo contends the trial court abused its discretion by granting U.S. Bank's amended petition for bill of review because U.S. Bank failed to satisfy the requirements necessary to prevail on a bill of review.

### 1. U.S. Bank Presented The Trial Court With A Single Theory For Setting Aside The Default Judgment

U.S. Bank based its amended petition for bill of review on the sole theory that it had not been served with process because Alaimo had failed to strictly comply with rule of civil procedure 99's requirement that citation be directed to the defendant. *See* Tex. R. Civ. P. 99(b). According to U.S. Bank, the record conclusively demonstrated Alaimo's failure to comply with rule 99 because the citation and the return of service reflected that citation had been directed to "U.S. Bank Trust National Association" in its individual capacity, whereas the default judgment reflected that the entity named as the defendant in Alaimo's suit was "U.S. Bank Trust National Association, as Trustee of the SRMOF II 2012-1 Trust."[2] U.S. Bank attached copies of the citation, the return of service, and the default judgment to its petition. U.S. Bank did not present any other grounds for setting aside the default judgment other than its claim that Alaimo failed to direct citation to the defendant as rule 99 required.

---

[2]U.S. Bank relied on a restricted appeal case to support this allegation. *See Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 509 (Tex. App.—Dallas 2010, no pet.) (concluding that the record did not affirmatively demonstrate the entity named in the default judgment had been served with process when the return of service reflected a different name).

9

In arguing that the trial court's order granting U.S. Bank's bill of review was an abuse of discretion, Alaimo devotes his entire brief to explaining why U.S. Bank's nonservice argument based on rule 99 lacks merit. And he can hardly be faulted for doing so. The trial court did not file findings of fact or conclusions of law. But nevertheless, it was U.S. Bank's burden to prove that it was not served with process, and since the trial court granted U.S. Bank's amended petition for bill of review, it is not unreasonable to think that it must have done so based upon the only theory U.S. Bank presented to it.

## 2. On Appeal, U.S. Bank Raises New Grounds For Setting Aside The Default Judgment

In its response brief, U.S. Bank has not responded to the arguments Alaimo raises in his brief, nor has it made any attempt to defend the trial court's granting of its amended petition for bill of review on the ground that Alaimo failed to strictly comply with rule 99. To the contrary, as U.S. Bank's counsel candidly conceded at oral argument, U.S. Bank asks us to affirm the trial court's ruling granting its amended petition for bill of review based on two arguments that it never presented to the trial court. Both of these new arguments assert that Alaimo failed to strictly comply with the applicable requirements for service of citation through the secretary of state under chapter 505 of the estates code, the statute under which Alaimo sought to serve process upon U.S. Bank.

10

In particular, U.S. Bank first argues that among the requirements to effect service under chapter 505 is the requirement that a plaintiff must plead adequate jurisdictional facts, yet Alaimo's original petition shows that he did not do so, thereby demonstrating he failed to strictly comply with chapter 505's requirements for service of process. *See U.S. Bank Nat'l Ass'n v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 716, 719–21 (Tex. App.—Fort Worth 2016, no pet.). Alternatively, U.S. Bank argues that Alaimo failed to strictly comply with chapter 505's requirements for service of process because the certificate of service reflects that Alaimo directed the secretary of state to forward the process to U.S. Bank at a different address than the one U.S. Bank had on file with the secretary of state when Alaimo filed his suit.

U.S. Bank maintains that although it did not present these arguments to the trial court, we can—indeed, we must—nevertheless affirm the trial court's granting of its amended petition for bill of review based on them. Not so. In maintaining that we should affirm the trial court's order based on arguments it never presented to the trial court, U.S. Bank, citing to *Levco Construction, Inc. v. Whole Foods Market Rocky Mountain/Southwest L.P.*, invokes the general principle that an appellate court should affirm a trial court's judgment if it is correct on any legal theory that is supported by the record. *See* 549 S.W.3d 618, 632 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("We review conclusions of law by the trial court de novo and will uphold them if the judgment can be sustained on any legal theory supported by the evidence.").

11

But this principle does not extend to legal theories that were never presented to the trial court. *Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied) (declining to affirm the trial court's order based on a legal theory that was not presented to the trial court, noting that "[w]e must uphold a lower court judgment on any legal theory **before it,** even if the court gives an incorrect reason for its judgment" (quoting *Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex.1986)); *see Keller v. Keller*, No. 02-17-00466-CV, 2018 WL 4782162, at *4 n.3 (Tex. App.—Fort Worth Oct. 4, 2018, no pet.) (mem. op.) (declining to consider arguments on appeal as grounds for affirming the trial court's order when those arguments were not raised in the trial court). The record reflects, and U.S. Bank's counsel conceded, that the arguments in U.S. Bank's response brief were not made to the trial court. Accordingly, we decline to consider them as a basis for affirming the trial court's order granting its amended petition for bill of review.

But even if U.S. Bank could rely on these new arguments, they would not supply a basis for affirming the trial court's ruling on U.S. Bank's amended petition for bill of review.

Consider first U.S. Bank's argument that Alaimo failed to strictly comply with chapter 505's requirements for service of process because he failed to plead sufficient jurisdictional facts in his original petition. That argument would fail because the original petition U.S. Bank relies upon was filed in the cause Alaimo originated (trial court cause number 14-08565-158) but was not made a part of the trial court's record

12

in the bill of review proceeding (trial court cause number 15-04164-158): U.S. Bank did not attach that document to its amended petition for bill of review, it did not introduce that document into evidence at the bill of review hearing, and it did not ask the trial court to take judicial notice of that document. *See Alaimo*, 551 S.W.3d at 214–15 (observing that a bill of review proceeding challenging a default judgment is not like a motion for new trial, which is filed in the same original cause; rather, a bill of review is an entirely separate suit that is filed under a different cause number).

We acknowledge that Alaimo's original petition in cause number 14-08565-158 appears in the clerk's record that the trial court clerk filed in this appeal. However, in determining whether the trial court abused its discretion by granting U.S. Bank's amended petition for bill of review, the scope of our review is limited to the record in the trial court when it ruled. *See Perry v. Del Rio*, 66 S.W.3d 239, 259 (Tex. 2001) ("[I]t is well-settled in Texas that an appellate court's review is confined to the record in the trial court when the trial court acted."); *see also Kalakonda v. Aspri Invs., LLC*, No. 04-15-00114-CV, 2015 WL 8384771, at *2 n.4 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.) (refusing to consider documents from a different trial court cause number that were filed in supplemental clerk's record because they were not before the trial court when it entered its judgment). Because Alaimo's original petition was not in the trial court's record when it ruled on U.S. Bank's amended petition for bill of review, that document cannot provide a basis to affirm the trial court's ruling. *See Perry*, 66 S.W.3d at 259; *Kalakonda*, 2015 WL 8384771, at *2 n.4.

U.S. Bank's argument that Alaimo failed to comply with chapter 505's service requirements because he directed the secretary of state to forward process to U.S. Bank at the wrong address would also fail. U.S. Bank argues that at the time Alaimo filed his suit, it had registered "350 North Robert Street, St. Paul, MN 55101" as the address to which the secretary of state should forward process. But the secretary of state's return of service shows that it had forwarded the process to U.S. Bank at a different address: "350 N. Robert Street, St. Paul, MN 55101." U.S. Bank argues that the missing "orth" after the "N" in the address was a material difference from its registered address, and it contends this difference establishes that it was not served with process because under estates code section 505.005, the secretary of state is required to forward process to the address a foreign corporate fiduciary has registered with the secretary of state.

This argument turns on U.S. Bank's contention that when Alaimo filed his suit, the address for forwarding of process that U.S. Bank had on file with the secretary of state had "North" spelled out. But U.S. Bank made no showing in the trial court to prove that fact. On appeal, U.S. Bank attempts to establish that fact by relying on an exhibit Alaimo attached to his original petition in cause number 14-08565-158. But as we have already explained, that document was not part of the trial court's record in the bill of review proceeding at the time it ruled and thus cannot provide a basis for establishing U.S. Bank's registered address at the time Alaimo filed suit. *See Perry*, 66 S.W.3d at 259; *Kalakonda*, 2015 WL 8384771, at *2 n.4. Thus, U.S. Bank made no

14

showing that at the time Alaimo filed his suit, the address it had on file with the secretary of state for forwarding of process was anything other than the 350 N. Robert Street address reflected on the secretary of state's certificate. And as the bill of review petitioner, it was U.S. Bank's burden to establish lack of service. *See Caldwell*, 154 S.W.3d at 97–98.

### 3. U.S. Bank's Rule 99 Argument Lacks Merit

It is undisputed that Alaimo sought to serve U.S. Bank with process under the provisions of chapter 505 of the estates code, which govern service of process on foreign corporate fiduciaries. *See TFHSP*, 487 S.W.3d at 718. Before a foreign corporate fiduciary may qualify or serve as a fiduciary in Texas, chapter 505 requires it to file certain documents with the secretary of state. *Id.* at 718–19. Relevant here, the corporate foreign fiduciary must file an instrument indefinitely and irrevocably appointing the secretary of state as its agent for service of process "on whom notices and processes issued by a court of this state may be served in an action or proceeding relating to a trust, estate, fund, or other matter within this state with respect to which the fiduciary is acting in a fiduciary capacity." Tex. Est. Code Ann. § 505.004(a)(2); *TFHSP*, 487 S.W.3d at 719. And the foreign corporate fiduciary must file a written certificate designating the name and address of the officer, agent, or other person to whom the secretary of state shall forward those notices and processes. Tex. Est. Code Ann. § 505.004(a)(3); *TFHSP*, 487 S.W.3d at 719. Section 505.005 provides that service of process described in section 505.004(a)(2) on the secretary of state as agent

for a foreign corporate fiduciary "has the same effect as if personal service had been had in this state on the foreign corporate fiduciary." Tex. Est. Code Ann. § 505.005(b); *TFHSP*, 487 S.W.3d at 719.

Here, U.S. Bank attached to its amended petition for bill of review a copy of the secretary of state's return of service, which recites that on November 7, 2014, the secretary of state received a copy of the citation and Alaimo's original petition in the cause styled as follows:

> Kevin Alaimo VS U.S. Bank Trust National Association, As Trustee of the SRMOF II 2012-1 Trust
> 158th Judicial District Court Of Denton County, Texas
> Cause No: 1408565158.

The certificate further recites that on November 18, 2014, the secretary of state forwarded a copy of the citation and original petition by certified mail, return receipt requested, to the following:

> U.S. Bank Trust National Association
> Elizabeth Becker, registered agent
> 350 N. Robert Street
> St. Paul, MN 55101.

Finally, the certificate recites that the process was returned to the secretary of state's office on December 1, 2014, bearing the notation, "Return to Sender, Attempted Not Known, Unable To Forward." This certificate was filed with the trial court on December 3, 2014, and was on file for more than ten days before the trial court signed the default judgment. *See* Tex. R. Civ. P. 107(h) (prohibiting a default judgment until citation and proof of service have been on file for ten days).

16

When service on a statutory agent (such as the secretary of state) is allowed, as it is under chapter 505, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf. *See Campus Invests., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). A certificate like the one the secretary of state filed here *conclusively* establishes that there has been proper citation and service. *See id.* at 466. This is true even if, as here, the secretary of state's certificate reflects that the process was returned undelivered. *See id.* at 465–66. In *Cullever*, the supreme court held a default judgment was proper where the secretary of state's certificate recited it had received a copy of the citation and plaintiff's petition and had forwarded them by certified mail, but the process had been returned with the notation "Attempted—Not Known." *See id.* at 465–66 ("A certificate like the one here from the [s]ecretary of [s]tate *conclusively* establishes that process was served.").

But there is a narrow caveat: where service of a *defective* citation through a statutory agent could mislead a defendant and lead to an improper default judgment. *Id.* at 466. In those cases, a defendant may bring a bill of review and establish those facts. *Id.* However, this caveat does not apply here for the same reason it did not apply in *Cullever*. In *Cullever*, the supreme court stated that the bill of review petitioner could not have been misled by a defective citation when, because of its own negligence in failing to comply with its statutory duties to update the addresses for its registered agent and registered office, it never received the process from the secretary of state. *See id.* So too here. Even if the citation was defective as U.S. Bank claimed

17

in the trial court, U.S. Bank never received it from the secretary of state. *See id.* And U.S. Bank made no showing that its failure to receive the citation was due to something other than its own negligence in not complying with its statutory duties to keep an updated address on file with the secretary of state. *See id.* Thus, under *Cullever*, U.S. Bank did not show it was misled by the citation-defect upon which it relied to establish improper service. *See id.*; *see also Caldwell*, 154 S.W.3d at 97 (noting that it is the bill of review petitioner's burden to prove lack of service). Accordingly, that alleged citation defect was not a basis for setting aside the default judgment. *See id.* at 466.

In sum, the only basis for setting aside the default judgment that U.S. Bank pleaded in its amended bill of review was that it was never served with process because the citation was defective. Thus, U.S. Bank assumed the burden of proving that it was not served with process. *See Caldwell*, 154 S.W.3d at 97–98. U.S. Bank failed to satisfy that burden. Therefore, the trial court abused its discretion by granting U.S. Bank's amended petition for bill of review. Accordingly, we sustain Alaimo's first issue. And since that issue is dispositive, we do not address the additional issues the parties have raised. *See* Tex. R. App. P. 47.1.

## V. CONCLUSION

Having sustained Alaimo's first issue, we reverse the trial court's order granting U.S. Bank's amended petition for bill of review, vacate the trial court's final judgment

of August 2, 2018, and render judgment reinstating the "Final Default Judgment" of December 15, 2014. *See* Tex. R. App. P. 43.2(c).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  August 22, 2019